THOMAS M. REA *v.* F. C. ENGLESING.

ADMINISTRATOR. *Right of minor. Appointment durante minoritate.*
    A minor of the age of sixteen years has no right to administer upon the estate of his deceased father, and he cannot, by a petition to the court or otherwise, select a person to be the administrator during his minority; and this is so, whether there is, or is not, any other next of kin capable to administer.

APPEAL from the Chancery Court of Claiborne County.
Hon. T. Y. BERRY, Chancellor.

C. H. Barrot died intestate, on the 9th of September, 1878, in Claiborne County. He left no widow surviving him, but left a daughter, Angie, aged sixteen years, and other younger children. At that time the yellow fever was prevailing as an epidemic in Port Gibson, the town in which the chancery clerk's office was situated, and the clerk had closed his office and fled from the town. On the 15th of November, 1878, F. C. Englesing presented to the clerk, on a highway in the county, and at some distance from his office, a petition to be appointed administrator of Barrot's estate, alleging that he was a creditor of the decedent, and that the sixty days allowed the next of kin for administering had expired. The clerk did not return and open his office till the 19th of November, 1878 ; and during his absence persons in Port Gibson had no opportunity to communicate with him, owing to a strict quarantine. Angie Barrot remained in Port Gibson during the epidemic, and, through her friends, frequently resorted to the clerk's office, during his absence, for the purpose of having an administrator on her father's estate appointed. Immediately upon the clerk's return she presented her petition, by her next friend, H. M. Colson, praying that Englesing's petition be disallowed, and that letters of administration be granted to Thomas M. Rea during her minority. On the 28th of November, 1878, Rea filed his petition to be appointed administrator of Barrot's estate, on the grounds that Angie Barrot had petitioned for his appointment, that the sixty days allowed the next of kin for administering did not run during the absence of the clerk, and that, by a long and intimate acquaintance with the business of the decedent, he was better qualified to administer the estate than any other person. The chancellor disregarded the petitions of Angie Barrot and Rea, and granted letters of administration to Englesing. Thereupon Rea appealed.

*Baldwin, Martin & McLaurin,* for the appellant.

Angie Barrot had the right to apply, by her next friend, for letters of administration on her father's estate, to be issued to

a competent person during her minority. Williams on Ex. 545–547 ; *Collins* v. *Spears,* Walk. 310 ; *Pitcher* v. *Armat,* 5 How. 288.

*E. S. Drake* and *J. D. Vertner,* for the appellee.

It is clear that Angie Barrot was not entitled to administer upon the estate of C. H. Barrot, deceased. Code 1871, sect. 1089. And, of course, she could not dictate to the court the appointment of an administrator. Even if she had been of " full age," she could not dictate who should be appointed, in case she did not wish to administer.

CAMPBELL, J., delivered the opinion of the court.

The chancellor did right to disregard the petition of Angie Barrot, the minor child of the decedent, to appoint the person of her choice as administrator of the estate of her father. She had no right to have her wishes respected. Not being of full age, she could neither be administratrix nor choose one.

Rea had no right to be administrator, but Englesing had, he being a creditor, and no one " entitled by law to administer ". having made application for letters. Code, sect. 1089.

Decree affirmed.